UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21261-RAR

RHINA MONTES,

      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment ("Motion"), [ECF No. 31], accompanied by Defendant's Statement of Material Facts ("DSMF"), [ECF No. 32].[1]   Defendant seeks summary judgment on Plaintiff's claim that Defendant negligently failed to maintain its premises in a reasonably safe condition.  *See generally* Mot.  After careful review of the governing law, the record, the parties' arguments, and being otherwise fully advised, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff brings a claim of negligence against Defendant Wal-Mart Stores East, LP ("Walmart") for injuries she allegedly sustained at one of Walmart's stores.  Before the Court can dive into the record and recount the undisputed facts on which Defendant's Motion turns, it must first address the deficiencies in Plaintiff's Statement of Material Facts submitted in opposition to

---

[1]  The Motion is fully briefed and ripe for adjudication.  *See* Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Response"), [ECF No. 49]; Plaintiff's Memorandum in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, [ECF No. 50]; Plaintiff's Statement of Material Facts ("PSMF"), [ECF No. 51]; Defendant's Reply in Support of Motion for Summary Judgment ("Reply"), [ECF No. 57]; and Defendant's Response to Plaintiff's Statement of Material Facts ("DRSMF"), [ECF No. 58].

Defendant's Statement of Material Facts.  After all, it is the comparison of those two documents that guides the Court in determining which facts are indeed undisputed by the record evidence.

### I.      Plaintiff's Statement of Material Facts and the Applicable Rules

Defendant argues that the facts set forth in its Statement of Material Facts should be deemed admitted due to Plaintiff's non-compliance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the U.S. District Court for the Southern District of Florida. DRSMF at 1 n.2.  Defendant contends that Plaintiff fails to comply with Rule 56 and Local Rule 56.1 in both form and substance.[2]

Rule 56 of the Federal Rules of Civil Procedure requires that "[a] party asserting that a fact cannot be *or is genuinely disputed* must support the assertion by: citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1)(A)-(B) (emphasis added).  Likewise, Local Rule 56.1 requires a motion for summary judgment and its opposition to be accompanied by statements of material facts that are supported by specific, pinpoint references to particular sections of the record. S.D. FLA. L.R. 56.1(a)–(b).  General citations to the record, without page numbers or pincites, including line numbers and ECF numbers if applicable, will not suffice.  S.D. FLA. L.R. 56.1(b)(1)(B).

Local Rule 56.1 provides other specifications for non-movants' statements of material facts.  S.D. FLA. L.R. 56.1(b)(2)(A)–(D).  Specifically, a non-movant's statement of material facts

---

[2]  Defendant alleges that Plaintiff (1) fails to follow the format outlined in Local Rule 56.1 requiring that an opponent's statement "shall not repeat the text of the movant's paragraphs," "shall use  . . . the word 'disputed' or 'undisputed,'" and "[a]ny additional facts . . . shall be numbered and placed immediately after the opponent's response"; (2) fails to use pinpoint references; and (3) utilizes citations to inadmissible documents.  DRSMF at 1 nn.1–2; *see generally* Reply.

must "correspond with the order and paragraph numbering format used by the movant." S.D. FLA. L.R. 56.1(b)(2)(A).  And the very first word in each paragraph-by-paragraph response to the movant's statement of material facts must be the word "disputed" or "undisputed," and such paragraphs "shall not repeat the text of the movant's paragraphs." S.D. FLA. L.R. 56.1(b)(2)(A)– (B).  Additionally, if a non-movant provides additional facts that it contends are material to the motion, those facts must be numbered and placed in a separate section immediately after the non-movant's response to the movant's statement of material facts. S.D. FLA. L.R. 56.1(b)(2)(D). "The additional facts shall [also] use separately numbered paragraphs beginning with the next number following the movant's last numbered paragraph." S.D. FLA. L.R. 56.1(b)(2)(D).

Plaintiff's Statement of Material Facts fails to comply with these requirements.  Plaintiff's response to Defendant's Statement of Material Facts contains paragraphs that (1) do not begin with "disputed" or "undisputed," (2) repeat the text of Defendant's paragraphs, and (3) contain no citations and/or inadequate pincites to the record.  PSMF at 3–8.  Moreover, Plaintiff's additional material facts are located before Plaintiff's response to Defendant's Statement of Material Facts, and rather than using continuous numbering, Plaintiff's Statement of Material Facts renumbers each section.  *See generally* PSMF.  Plaintiff's additional material facts also contain inadequate pincites to the record, cite the Amended Complaint, state legal conclusions, and reiterate facts already provided in Defendant's Statement of Material Facts.[3]  *See* PSMF at 1–3.  Accordingly, Plaintiff's Statement of Material Facts violates several clear-cut requirements of Local Rule 56.1.

---

[3]  The non-movant is required "to go beyond the pleadings" and to present competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see* FED. R. CIV. P. 56(c).  "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005); *see also Campbell v. Shinseki*, 546 F. App'x 874, 877 (11th Cir. 2013) ("The substantive law will identify which facts are material, and material facts are those which are key to establishing a legal element of the

Local Rule 56.1 is not some formalistic requirement meant only to provide an easy way to say "gotcha" to nonconforming litigants. To the contrary, as this Court has explained, "Local Rule 56.1 serves the valuable purpose of crystallizing the relevant factual disputes for the Court by allowing the non-movant to contest the specific factual assertions in each paragraph of the movant's statement." *Laremore v. Holiday CVS, LLC*, No. 20-61650, 2021 WL 3053348, at *3 (S.D. Fla. July 20, 2021). Thus, "[w]hen parties comply with the Rule, 'it is relatively easy for a court to determine whether there is a genuine disputed issue of fact. Basically, all a court needs to do is to look at the opposing statement of material facts on a paragraph-by-paragraph basis, see whether any paragraphs are designated as disputed and then make note of the evidentiary reasons for the dispute.'" *Id.* (quoting *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947, 2017 WL 1250419, at *3 (S.D. Fla. Apr. 4, 2017)).

"When a party does not comply with the Local Rule by referencing record evidence, however, then it is exceedingly difficult for a court to discern if there is an actual factual dispute concerning a specific paragraph. A court needs to review the entire opposing memorandum and exhibits to determine whether there is a sound factual basis for saying that a point deemed factually

---

substantive claim which might affect the outcome of the case." (citation and internal quotation marks omitted)); *Mills v. NCL (Bahamas) Ltd.*, No. 13-24174, 2015 WL 11201209, at *3 (S.D. Fla. Apr. 10, 2015) (holding "statements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Court." (citation and internal quotation marks omitted)).

Moreover, Plaintiff's additional material facts suffer from a slew of evidentiary concerns, such as relevance and hearsay. Indeed, the majority of the additional material facts attempt to advance a different theory of negligence raised improperly for the first time in Plaintiff's Response, as addressed below. *See infra* Section I; *see also* FED. R. EVID. 402 ("Irrelevant evidence is not admissible."); *Green v. City of Northport*, No. 7:11-cv-2354, 2014 WL 1338106, at *3–4 (N.D. Ala. Mar. 31, 2014) (excluding evidence on a motion for summary judgment because it was "not relevant to any disputed issue in the instant action"). Additionally, "[a]ny statement contained in [a] report that was made by a non-party witness or bystander is inadmissible as hearsay within hearsay." *Jenkins v. Corizon Health Inc.*, 584 F. Supp. 3d 1364, 1369 (S.D. Ga. 2022) (citing *Gregory v. Wal-Mart Stores E., LP*, No. 2:12-cv-00042, 2013 WL 12180710, at *6 (S.D. Ga. July 23, 2013)).

undisputed by the movant is actually disputed." *Isaacs v. City of Hollywood*, No. 22-61965, 2024 WL 6886859, at *2 (S.D. Fla. Feb. 8, 2024) (quoting *Katchmore Luhrs, LLC v. Allianz Glob. Corp. & Specialty*, No. 15-23420, 2017 WL 432671, at *2 (S.D. Fla. Jan. 31, 2017)).   This would effectively require the Court to do the nonconforming litigant's job for her, which is why such a result is prohibited by the federal and local rules in the first place.  *Id.  Accord Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (explaining that judges "are not like pigs, hunting for truffles buried in briefs" (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))); *Atlanta Gas Light Co. v. UGI Utils., Inc.*, 463 F.3d 1201, 1208 n.11 (11th Cir. 2006) (explaining that courts do not have "an obligation to parse a summary judgment record to search out facts or evidence not brought to the court's attention").

Given Plaintiff's failure to comply with Local Rule 56.1, it is well within the Court's discretion to consider sanctions for such non-compliance.  S.D. FLA. L.R. 56.1(d).  One such sanction is to deem admitted the non-offending party's material facts.  S.D. FLA. L.R. 56.1(c)–(d); FED. R. CIV. P. 56(e).  The Court finds such a sanction appropriate here and deems admitted the facts submitted by Defendant to the extent they are supported by the record.  S.D. FLA. L.R. 56.1(c). *Accord Cheatham v. DeKalb Cnty.*, 682 F. App'x 881, 884–85 (11th Cir. 2017) (affirming district court's decision to deem facts admitted where non-movant failed to follow Local Rule); *Warth v. Williamson*, No. 25-13391, 2026 WL 574974, at *7–8 (11th Cir. Mar. 2, 2026) (same); *State Farm Mut. Auto. Ins. Co. v. Muse*, No. 20-13319, 2022 WL 413417, at *4 (11th Cir. Feb. 10, 2022) (affirming district court deeming movant's material facts admitted where non-movant failed to follow Local Rule and noting that "[the Eleventh Circuit] ha[s] never held that a district court must *sua sponte* give a non-compliant counseled party an extra opportunity to comply with a local rule").

"Plaintiff's failure to comply with the Local Rules essentially leaves the Court with 'the

functional analog of an unopposed motion for summary judgment.'" *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1343 (S.D. Fla. 2015) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008)).  Even still, when considering an unopposed motion for summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  Thus, "[a]lthough the statements contained in [the Defendant's] Statement of Material Facts are deemed admitted, [the] court must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citing *Reese*, 527 F.3d at 1269).  "Even in an unopposed motion, the moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (quoting *Celotex*, 477 U.S. at 323).  "That is, the movant is not absolve[d] . . . of the burden of showing that it is entitled to judgment as a matter of law, and a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Reese*, 527 F.3d at 1268–69 (citations and internal quotation marks omitted).

While a district court must still review a movant's citations to the record, the Eleventh Circuit has held that "[t]he proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement." *Id.* at 1268.  Accordingly, the Court will "hew to the evidentiary line drawn by Local Rule 56.1" and confine its review of the record to the materials submitted by Defendant in support of its Motion. *Id.*; *Mann*, 588 F.3d at 1303.  The Court,

therefore, will not review the record as a whole, including Plaintiff's exhibits, and declines to address Defendant's arguments in its Reply regarding the admissibility of Plaintiff's exhibits. *See Connell v. Golden Corral Corp.*, No. 23-11472, 2024 WL 2943999, at *3 (11th Cir. June 11, 2024).

## II.     Undisputed Facts

Plaintiff brings a single count of negligence against Walmart for injuries she allegedly sustained while at a Walmart store. DSMF ¶ 1; Amended Complaint ("Am. Compl."), [ECF No. 1-2], ¶ 5. On October 18, 2023, Plaintiff went shopping at Defendant's store located at 8651 NW 13th Terrace, Doral, Florida 33126. DSMF ¶ 2; Am. Compl. ¶ 4. Plaintiff had shopped at this Walmart location a few times prior to October 18, 2023. DSMF ¶ 19; Deposition Transcript of Rhina Montes ("Montes Dep."), [ECF No. 32-1], 30:6–10.

On October 18, 2023, Plaintiff was exiting the store's vestibule, after showing Walmart's greeter employee her receipt, when a nonparty customer operating an electric shopping cart hit Plaintiff's shopping cart. DSMF ¶¶ 2–3. Plaintiff was pushed backwards and fell to the ground. DSMF ¶ 3. As a result, Plaintiff sustained injuries. Am. Compl. ¶ 9. Plaintiff testified during her deposition that she did not see the electric cart before it hit her cart, and she does not know how it came to a stop afterwards. DSMF ¶ 7; Montes Dep. 49:2–16. Plaintiff also testified that she did not notice how far away the shopping carts were stored from where she fell, but she knew that the shopping carts were stored on the left side of Walmart's vestibule. DSMF ¶¶ 20–21; Montes Dep. 45:24–46:7. Plaintiff's daughter, Gabriella Montes, was standing next to Plaintiff when the incident occurred. DSMF ¶ 8; Deposition of Gabriella Montes ("Gabrielle Montes Dep."), [ECF No. 32-2], 8:15–9:15. The incident was captured by Walmart on an in-store surveillance video.

DSMF ¶ 23; *see also* Notice of Conventional Filing–USB ("Surveillance Video"), [ECF No. 48], (conventional filing of USB drive containing the CCTV video).[4]

Following the incident, Walmart's front team lead, Judith Rodriguez, was called to take a report of the incident.  DSMF ¶ 10, Deposition of Judith Rodriguez ("Rodriguez Dep."), [ECF No. 32-3], 5:9–6:8.  Rodriguez testified during her deposition that the subject electric shopping cart was operating correctly when she used it following the incident, and she was able to move the electric shopping cart back to where they are stored without issue.  DSMF ¶ 11; Rodriguez Dep. 15:12–25.  There were two electric shopping carts that were out of operation on the day of the incident, but the subject electric shopping cart was not one of them.  DSMF ¶ 14; Rodriguez Dep. 16:1–8.

Walmart provides electric shopping carts for all customers who need them.  DSMF ¶ 12; Rodriguez Dep. 17:24–18:5.  These electric shopping carts are stored on the left side of the vestibule, and they have been stored in the same spot for the last eight years that Rodriguez has worked at this Walmart location.  DSMF ¶¶ 15, 21; Rodriguez Dep. 18:6–9, 21:17–18.  Rodriguez testified that she was unaware of other incidents where people were injured by electric shopping carts in the store.  DSMF ¶ 16; Rodriguez Dep. 21:19–22:3.  Plaintiff also testified that she has never seen any of Walmart's customers or employees injured by an electric shopping cart in the vestibule or anywhere else in the store.  DSMF ¶ 22; Montes Dep. 33:4–13.

## LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on

---

[4]  At summary judgment, "in cases where video evidence is available, the Court views the facts in accordance with that video evidence, so long as 'there are no allegations or indications that video evidence has been doctored, or that the video shows something different [from] what actually happened.'" *Turner v. Phillips*, 547 F. Supp. 3d 1188, 1200 (N.D. Fla. 2021) (quoting *Varnadore v. Merritt*, 778 F. App'x 808, 812 (11th Cir. 2019)).  Both parties rely on the surveillance video, and neither contests its authenticity.

file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252.

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Env't Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)). Further, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." *Id.* (alteration added and citation omitted).

## ANALYSIS

Plaintiff claims that Defendant negligently failed to maintain its premises in a reasonably safe condition by allowing the storage of electric shopping carts in its vestibule, which resulted in collision and injury. Am. Compl. ¶¶ 5, 8(a). Defendant moves for summary judgment on Plaintiff's claim of failure to maintain. Based on the evidence in the record, Defendant's Motion is due to be granted.

Under Florida law,[5] a claim for negligence has four elements: (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) the defendant's breach of that duty, (3) a causal connection between the defendant's breach and the plaintiff's injury, and (4) actual loss or damage resulting from the injury. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003); *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011).

The parties appear to agree that Plaintiff was an invitee of Walmart. Mot. at 6–8; Response at 6; *see also Post v. Lunney*, 261 So. 2d 146, 147–48 (Fla. 1972) (defining an "invitee"). A business owes its invitees a duty to "use ordinary care to maintain its premises in a reasonably safe condition." *Rocamonde v. Marshalls of Ma, Inc.*, 56 So. 3d 863, 865 (Fla. 3d DCA 2011). When a plaintiff alleges that a business owner is in breach of its duty to maintain its premises in a reasonably safe condition, "an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." *Aaron v. Palatka Mall, L.L.C.*, 908 So. 2d 574, 578 (Fla. 5th DCA 2005). A plaintiff must show that the business had actual or constructive knowledge of the dangerous condition that injured the plaintiff. *Grimes v. Fam. Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427 (Fla. 3d DCA 2016) (citing *Schaap v. Publix Supermarkets, Inc.*, 579 So. 2d 831, 834 (Fla. 1st DCA 1991)).

Here, Plaintiff fails to establish a genuine issue of material fact that (I) a dangerous condition existed in this case, (II) Defendant had actual or constructive notice of the allegedly dangerous condition, and (III) Plaintiff's injuries were caused by the allegedly dangerous condition. The Court addresses each argument in turn.

---

[5] Florida's substantive law applies to this diversity case. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010).

### I.      Dangerous Condition

Plaintiff's theory as to what exactly constituted the dangerous condition in this case is somewhat unclear.  In her Amended Complaint, Plaintiff alleges that the storage of the electric shopping carts in Defendant's vestibule created a foreseeable zone of risk, suggesting that Plaintiff considers the storage location of the electric shopping carts to be a dangerous condition.  Am. Compl. ¶ 8(a).  In her Response, however, Plaintiff articulates a broader theory.  Plaintiff argues that Defendant "allowing unsupervised customers to operate motorized carts that [were] not properly maintained" was a dangerous condition because it created a foreseeable risk of collisions and injury.  Response at 6.  In other words, Plaintiff contends that the electric shopping carts created a dangerous condition because Walmart failed to properly maintain them and supervise customers' use of such carts—not because of their storage location.  *Id.*

But the Court will not consider a new theory of negligence raised for the first time in response to a motion for summary judgment.  *See Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) (finding a party may not raise a new theory of negligence in response to a motion for summary judgment).  Indeed, a plaintiff "is not permitted to amend her complaint through her opposition to summary judgment." *Martin v. Wal-Mart Stores E., LP*, No. 21-20889, 2022 WL 1686914, at *3 (S.D. Fla. May 26, 2022).  Accordingly, the Court will only consider Walmart's storage of electric shopping carts in its vestibule as the dangerous condition at issue in this case.

Plaintiff argues that there is a genuine issue of material fact as to whether the storage of the electric shopping carts in Walmart's vestibule was a dangerous condition.  Response at 6–7. Plaintiff claims that by storing the electric shopping carts in the vestibule, customers were required to traverse these carts through an area where customers enter and exit the store and interact with

Walmart's greeter employee.  *Id.* at 6.  However, Plaintiff fails to explain *why* this constitutes a dangerous condition.  *See Byndom v. Waffle House, Inc.*, No. 6:23-cv-1971, 2025 WL 959648, at *4 (M.D. Fla. Mar. 31, 2025) (citing *United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024)) (rejecting a "conclusory argument" because the party advancing it "d[id] not explain [its] legal basis" or cite "legal authority to support it").  *Compare Blakely v. Wal-Mart Stores E., LP*, No. 3:14-cv-34, 2015 WL 4529616, at *4 (N.D. Fla. July 27, 2015) (finding a clothing rack was not a dangerous condition when it was not obstructed by any other object, easily passable given the width of the aisle, and its base was not concealed), *with Rocamonde*, 56 So. 3d at 865–66 (finding a genuine issue of material fact existed as to whether the base of the mobile clothing rack was a dangerous condition since it was protruding, hidden, and obscured from plaintiff's view).

Moreover, "[t]he law does not make a store responsible to every person who gets hurt while shopping." *Sanchez v. Sears, Roebuck & Co.*, No. 14-23291, 2015 WL 6599696, a *3 (S.D. Fla. Oct. 30, 2015).  And "some conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition" so that the condition cannot be considered unreasonably dangerous.  *McWhorter v. Event Servs. Am., Inc.*, 427 So. 3d 179, 184 (Fla. 2d DCA 2026) (citing *Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012)).

Section 768.093(2) of the Florida Statutes provides that powered shopping carts, in circumstances like the one here, are not a dangerous instrumentality.  FLA. STAT. § 768.093(2).  Electric shopping carts like "[e]scalators, [ ] turnstiles, revolving or swinging doors, and other equipment for buildings and places where the public is invited, are considered necessary and standard equipment . . . and the owners are not required to guard them with attendants or to anticipate that one customer will without cause assault another in their operation." *Heps v.*

*Burdine's*, 69 So. 2d 340, 342 (Fla. 1954); *see also Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017) ("There are times when conditions are so common, or so innocuous in our everyday life, that they do not impose liability on the landowner."); *Skotanis v. Nordstrom, Inc.*, No. 8:24-cv-02331, 2026 WL 274646, at *6 (M.D. Fla. Feb. 3, 2026) ("The presence of a rolling clothes rack in a clothing store is a condition that is so commonplace, so innately harmless, and so conspicuous that it cannot, as a matter of law, support Plaintiff's negligence cause of action." (citation and internal quotation marks omitted)).  Accordingly, the presence of the electric shopping carts in the vestibule does not alone establish that Walmart's vestibule was unreasonably dangerous, and there is no evidence that the electric shopping carts were stored in such a way that they posed a threat to customers entering or exiting the store.

## II.      Notice

Even if the Court were to accept that the storage of electric shopping carts in Walmart's vestibule was a dangerous condition, the record does not support a finding that Defendant had actual or constructive notice of the dangerous condition.

Regarding actual notice, nothing in the record indicates that Defendant's "employees or agents kn[e]w of or create[d] the dangerous condition." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019).  The record indicates that Rodriguez was unaware of any other incidents in the last eight years where someone was injured by an electric shopping cart in the store.  DSMF ¶ 16; Rodriguez Dep. 21:17–22:3.  And Plaintiff even acknowledges that the electric shopping cart here was operated by another customer, not one of Defendant's employees.  Response at 1.  Because Plaintiff does not argue that Walmart had actual knowledge of the purportedly dangerous condition—and the evidence does not support such a finding—Plaintiff must rely on constructive knowledge.

The record, however, does not support a finding that Defendant had constructive notice of the purportedly dangerous condition. The "mere presence" of a hazard "is not enough to establish constructive notice." *Delgado*, 65 So. 3d at 1090 (citation omitted); *see also Pussinen v. Target Corp.*, 731 F. App'x 936, 937 (11th Cir. 2018). As such, the "record must contain additional facts to create a permissible inference that the defendant had constructive notice." *Struck v. Wal-Mart Stores E., LP*, No. 21-11012, 2021 WL 5052557, at *2 (11th Cir. Nov. 1, 2021) (citing *Delgado*, 65 So. 3d at 1090). Constructive knowledge may be proven "by circumstantial evidence showing that (a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition;[6] or (b) [t]he condition occurred with regularity and was therefore foreseeable." FLA. STAT. § 768.0755(1).

Plaintiff argues that there have been prior accidents where customers have been injured by motorized carts at other Walmart locations, "potentially putting Defendant[] on notice of the danger." Response at 8. While prior incidents may be used to establish constructive notice of a dangerous condition, such incidents must be sufficiently similar to the subject incident and not too remote in time to be legally relevant. *Levin ex rel. Levin v. Welleby Mgmt. Ass'n, Inc.*, 757 So. 2d 531, 532 (Fla. 4th DCA 2000).

In a misguided attempt to satisfy this standard, Plaintiff lists, in a conclusory fashion, nine "Prior Lawsuits with electric carts" without providing any explanation as to how the circumstances in such cases are substantially similar to the incident here. *See* Response at 9. Given the complete absence of any meaningful analysis, Plaintiff has wholly failed to establish how these "prior

---

[6] In her Response, Plaintiff makes no argument that the condition existed for such a length of time that Walmart should have known of the dangerous condition, thus the issue on summary judgment is limited to whether the condition occurred with regularity and was therefore foreseeable. *See Shetler v. Wal-Mart Stores E., LP*, No. 6:20-cv-1985, 2022 WL 22873105, at *4 (M.D. Fla. Aug. 30, 2022).

lawsuits" sufficiently provided Defendant with constructive notice of an allegedly dangerous condition created by the presence of electric shopping carts in Walmart's vestibule. *See Wal-Mart Stores, Inc. v. McDonald*, 676 So. 2d 12, 14 (Fla. 1st DCA 1996), *approved sub nom. Merrill Crossings Assocs. v. McDonald*, 705 So. 2d 560 (Fla. 1997) (affirming trial court's decision to disregard prior accidents where appellants did not show how the locations and circumstances were "substantially similar"). Further, a number of the "prior lawsuits" are too remote in time. *See, e.g.*, *Davis v. Wal-Mart Stores, Inc.*, No. 3:12-cv-122, 2013 WL 1748513, at *1 (M.D. Ga. Apr. 23, 2013); *see also Town of Belleair v. Taylor*, 425 So. 2d 669, 671 (Fla. 2d DCA 1983) (holding a prior accident which occurred on the opposite side of the intersection and four years before the accident at issue was too remote). Therefore, Plaintiff's conclusory allegation that these prior accidents are substantially similar is insufficient to establish constructive notice.

Further, to succeed on a "regular occurrence" theory of constructive notice, the record must reveal evidence suggesting that similar dangerous conditions or incidents occurred with regularity. *Publix Super Markets, Inc. v. Safonte*, 388 So. 3d 32, 36 (Fla. 4th DCA 2024) ("To prove a dangerous condition occurred with regularity, the plaintiff must provide 'evidence of recurring or ongoing problems that could have resulted from operational negligence or negligent maintenance[.]'" (quoting *Speedway, LLC v. Cevallos*, 331 So. 3d 731, 735 (Fla. 4th DCA 2021))). Here, the record contains no such facts. Thus, there is insufficient evidence from which a reasonable jury could find that Walmart had actual or constructive notice of the allegedly dangerous condition. *See Evens v. E. Air Lines, Inc.*, 468 So. 2d 1111, 1112 (Fla. 1st DCA 1985) ("[B]ecause the record is completely devoid of any evidence, either direct or circumstantial, directed to [movant's] notice of the dangerous condition, no negligence was shown and summary

judgment was proper.").

### III.     Causation

Walmart also seeks summary judgment based on Plaintiff's alleged inability to establish the element of causation.  Mot. at 8–10.  "Whether or not proximate causation exists is a question of fact, involving an inquiry into whether the [defendant's] breach of duty foreseeably and substantially contributed to the plaintiff's injuries."  *Sanders v. ERP Operating Ltd. P'ship*, 157 So. 3d 273, 277 (Fla. 2015).  For this reason, proximate causation is generally a factual question for the jury.  *Grieco v. Daiho Sangyo, Inc.*, 344 So. 3d 11, 23 (Fla. 4th DCA 2022).  However, courts may resolve the question of proximate causation as a matter of law in certain cases, such as those involving intervening negligence.  *Id.*; *Walker v. M633, LLC*, No. 5D2023-3429, 2026 WL 546806, at *3 (Fla. 5th DCA Feb. 27, 2026) ("The question of causation can be decided by the judge where there is an intervening cause."); *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 504 (Fla. 1992) (noting the question of proximate cause is generally left to the fact-finder, but a court may address the matter where the facts are unequivocal, such as where the evidence supports no more than a single inference).

"Florida follows the more likely than not standard in proving causation, i.e., that the negligence probably caused the plaintiff's injury."  *Cox v. St. Josephs Hosp.*, 71 So. 3d 795, 799 (Fla. 2011) (citation and internal quotation marks omitted).  Under this standard, a plaintiff "must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result."  *Time Ins. Co. v. Burger*, 712 So. 2d 389, 392 (Fla. 1998) (quoting *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984)).  Accordingly, causation has two components: "(1) causation in fact, i.e., whether the defendant's conduct was a substantial factor in producing the result, and

(2) whether the defendant's responsibility is superseded by an abnormal intervening force." *Grieco*, 344 So. 3d at 23 (quoting *Hoffman v. Bennett*, 477 So. 2d 43, 44 (Fla. 3d DCA 1985)). "[A] plaintiff cannot sustain this burden of proof by relying on pure speculation." *Cox*, 71 So. 3d at 799; *see Gooding*, 445 So. 2d at 1018 ("A mere possibility of such causation is not enough."); *Gordon v. Target Corp.*, No. 07-80412, 2008 WL 2557509, at *6 (S.D. Fla. June 23, 2008) ("[S]peculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.").

Here, there is insufficient evidence from which a reasonable jury could find that the alleged negligent behavior by Walmart proximately caused Plaintiff's injuries. The surveillance video shows that the nonparty customer is initially located on the left side of the vestibule with an electric shopping cart. Surveillance Video 11:39:47. The vestibule is well lit and there are a few people visible in the vestibule at the time of the recording. *Id.* 11:39:47–40:02. Walmart's greeter employee is standing on the right side of the vestibule, not blocking any of the doorways. *Id.* 11:39:46. Plaintiff interacts with Walmart's greeter employee in front of the interior exit door as the nonparty customer drives diagonally across the vestibule toward the peripheral exit door, cutting off other customers at the peripheral entrance door. *Id.* 11:39:47–54. As the nonparty customer approaches the peripheral exit door, she suddenly redirects the electric shopping cart toward the interior exit door and directly into the front of Plaintiff's shopping cart, causing Plaintiff to fall backwards onto the ground. *Id.* 11:39:54–40:02. There was nothing blocking the nonparty customer from driving her cart through the interior entrance door nor the peripheral exit door. *Id.* 11:39:47–40:02. After the incident, Rodriguez successfully maneuvers the subject cart back to the left side of the vestibule. *Id.* 11:54:07–10.

Viewing the facts in the light most favorable to Plaintiff, Walmart could not have anticipated that the nonparty customer would suddenly redirect the electric shopping cart toward the interior exit door instead of the entrance for no apparent reason.  To the contrary, the incident essentially amounted to a "freak" occurrence that was "utterly unpredictable in light of common human experience."  *McCain*, 593 So. 2d at 503; *see also Orlando v. FEI Hollywood, Inc.*, 898 So. 2d 167, 169 (Fla. 4th DCA 2005) (finding another patron dropping weights close to plaintiff's feet was "a sudden unexpected action," which was not foreseeable by the gym).

Moreover, there was no reasonable causal link between the storage of the electric shopping carts in the vestibule and any injuries Plaintiff may have sustained from the collision with the nonparty customer.  The nonparty customer's negligence was an independent, intervening cause of the accident.  *See Walker*, 2026 WL 546806, at *3 (finding plaintiff's negligence in standing on the bench was an intervening cause of the accident); *Matthews v. Williford*, 318 So. 2d 480, 481 (Fla. 2d DCA 1975) ("The law is well-settled in this state that a remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of the result of the subsequent negligence."); *Kohler v. Medline Indus., Inc.*, 453 So. 2d 908, 909 (Fla. 4th DCA 1984) (finding carelessness was the only legal cause of the accident where nurse's aide neglected to close a urine bag, its contents spilled onto the floor, and another nurse slipped in the resulting puddle and fell).  Accordingly, as the record is devoid of any evidence supporting causation, Plaintiff's negligence claim fails as a matter of law, and summary judgment is proper.

### **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment, [ECF No. 31], is **GRANTED**.  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2026.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**